IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. LONNIE J. PARKER ) | |
| 5805 Trinity Hts ) | |
| Texarkana, AR 71854 ) | |
| ) | |
| Plaintiff, ) | Civ. No. 15-cv-1253 |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES IMMIGRATION ) | |
| AND CUSTOMS ENFORCEMENT ) | |
| 500 12th St. SW ) | |
| Washington, DC 20536 ) | |
| ) | |
| Defendant. ) | |
| ) | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**I.  INTRODUCTION**

1.  Plaintiff Dr. Lonnie J. Parker ("Plaintiff") brings this action to redress violations of the Freedom of Information Act (hereinafter "FOIA"), 5 U.S.C. § 552 *et. seq.*, by Defendant United States Immigration and Customs Enforcement, by that agency's response to Plaintiff's January 22, 2014 FOIA request seeking agency records pertaining to himself from January 1, 1998 to January 31, 2006.

**II. JURISDICTION**

2.  This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

(FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

### III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

### IV. PARTIES

4. Plaintiff Dr. Lonnie J. Parker, is an individual who resides in Texarkana, Miller County, Arkansas.

5. Defendant United States Immigration and Customs Enforcement is an agency of the United States, and as such, is subject to FOIA pursuant to 5 U.S.C. § 552(f).

### V. LEGAL FRAMEWORK OF FOIA

6. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conforms with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8. FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays,

and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9.  FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)©.

10.  FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.  *See* 5 U.S.C. § 552(a)(4)(B).

11.  Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12.  Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action.  5 U.S.C. § 552(a)(4)(E).

## VI.  FACTUAL ALLEGATIONS FOR PLAINTIFF'S FOIA REQUEST CLAIM

13.  On or about January 22, 2014, Plaintiff, through his attorney Daniel J. Stotter, sent a FOIA request to the United States Immigration and Customs Enforcement, seeking records from that agency's office in Little Rock, Arkansas, pertaining to Lonnie Joseph Parker, from January 1, 1998 to January 31, 2006.

14. On or about January 27, 2014, Catrina M. Pavlik-Keenan, FOIA Officer for the United States Immigration and Customs Enforcement, responded to Plaintiff's FOIA request of January 22, 2014, indicating that this FOIA request had been received by the agency, and assigned reference number 2014FOIA8401.

15. On or about May 11, 2014, Catrina M. Pavlik-Keenan, FOIA Officer for the United States Immigration and Customs Enforcement (ICE) sent a final response to Plaintiff's attorney, indicating that the agency had located sixty pages of responsive records to Plaintiff's FOIA request, and that portions of these records were being withheld by the agency pursuant to FOIA Exemptions (b)(6), (b)7(c) and (b)(7)(E), and Exemption (j)(2) of the Privacy Act. This correspondence also noted that Plaintiff could appeal ICE's decision within 60 days of the date of this letter. Although the letter was dated May 11, 2014, it was not actually mailed by ICE until June 18, 2014

16. On or about June 20, 2014, Plaintiff's attorney Daniel J. Stotter, received the letter from ICE dated May 11, 2014 described in paragraph 15 above, and copies of the redacted sixty (60) pages of responsive records sent by that agency in response to Plaintiff's FOIA request.

17. On or about June 23, 2014, Fernando Pineiro, Deputy Director, Immigration and Custom Enforcement, Department of Homeland Security, sent an email to Plaintiff's attorney Daniel J. Stotter, indicating that Plaintiff's Appeal deadline was being extended through sixty (60) days from June 18, 2014, the date that the agency's FOIA response

letter had actually been mailed to Plaintiff's counsel.

18. On or about August 15, 2014, Plaintiff, by and through his attorney, sent a FOIA Appeal to the U.S. Immigration and Customs Enforcement, Office of Principal Legal Advisor, U.S. Department of Homeland Security, Freedom of Information Officer appealing the May 11, 2014 final response decision issued by ICE FOIA Officer Catrina M. Pavlik-Keenan for Plaintiff's January 22, 2014 FOIA request.

19. On or about August 21, 2014, Debbie Seguin, Chief, Government Information Law Division, ICE Office of Principal Legal Advisor, Department of Homeland Security, sent a correspondence to Plaintiff's counsel, indicating that Plaintiff's August 15, 2014 Appeal of FOIA Request 2014FOIA8401 had been received, and had been designated as FOIA Appeal No. OPLA14-1364.

20. On or about September 17, 2014, Debbie Seguin, Chief, Governent Information Law Division, ICE Office of Principal Legal Advisor, Department of Homeland Security issued a decision on Plaintiff's FOIA appeal, affirming ICE's May 11, 2014 final response and decision for this FOIA request.

### VII. CLAIM FOR RELIEF

### VIOLATION OF FOIA
### PLAINTIFF'S JANUARY 22, 2014 FOIA REQUEST

21. Plaintiff realleges, as if fully set forth herein, paragraphs 1 - 20 previously set forth herein.

22. Defendant ICE has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for his FOIA request of January 22, 2014 to the United States Immigration and Customs Enforcement, and by failing to perform an adequate search for responsive records to this FOIA request

23. By failing to provide Plaintiff with all records responsive to his FOIA request of January 22, 2014, Defendant ICE has denied Plaintiff's right to this information as provided by law under the Freedom of Information Act.

24. Unless enjoined by this Court, Defendant will continue to violate Plaintiff's legal rights to be provided with copies of the records that he has requested in his FOIA request of January 22, 2014.

25. Plaintiff is directly and adversely affected and aggrieved by Defendant's failure to provide all responsive records to his January 22, 2014 FOIA request to the United States Immigration and Customs Enforcement.

26. Plaintiff has fully exhausted all administrative remedies required by FOIA prior to seeking judicial review in this matter.

27. Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

28. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff providing the following relief:

1. Declare that Defendant United States Immigration and Customs Enforcement has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to his January 22, 2014 FOIA request, and by failing to perform an adequate search in responding to this FOIA request

2. Direct by injunction that Defendant United States Immigration and Customs Enforcement provide Plaintiff with all non-exempt responsive records to Plaintiff's January 22, 2014 FOIA request.

3. Grant Plaintiff's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

4. Provide such other relief as the Court deems just and proper.

DATED: This 4th day of August, 2015.

Respectfully submitted,

/S/
_____
Daniel J. Stotter (WI0015)
STOTTER & ASSOCIATES LLC
408 SW Monroe Ave., Ste. L163
Corvallis, Oregon 97333
(541) 738-2601
dstotter@qwestoffice.net

**Attorney for Plaintiff**